THE ·TWIN DRY CELL BATTERY CO. v. THE W. P.
SOUTHWORTH CO.

*Error proceedings—Reversals on weight of evidence—Mere
conflict in evidence insufficient—Judgment must be clearly
and manifestly against weight of evidence—Negligence—
Automobile collision—Damages denied where accident
avoidable by either party.*

1. Where evidence conflicts, reviewing court can reverse only
when, as matter of law and not as matter of court's opin-
ion, judgment is against weight of evidence.
2. Where evidence showed that automobile collision could
have been avoided by either party, judgment denying
damage to ·either will be affirmed.
3. No matter what opinion Court of Appeals may have, record
must show, as matter of law, circumstance or fact
determinative of question whether judgment is against
weight of evidence.

(Decided October 4, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Bartholomew, Leeper & McGill,* for plain-
tiff in error.
*Messrs. Quigley & Byrnes,* for defendant in error.

SULLIVAN, J. This cause comes into this court
on error from the municipal court of the city of
Cleveland. It is here sought to reverse the judg-
ment of the court below on the ground that the
judgment is clearly and manifestly against the
weight of the evidence.

It appears from the record that on December 24,
1924, towards evening, a driver of the W. P. South-
worth Company, in charge of one of its trucks,

was going in a northerly direction on West Sixty-Fifth street, and in attempting to make an intersection came into collision with an automobile driven by an agent of the Twin Dry Cell Battery Company.

To the statement of claim of the Twin Dry Cell Battery Company, the W. P. Southworth Company filed its statement of defense and cross-statement of claim, seeking to recover damages for the injury to its truck, and the court, hearing the evidence in the case, found against the Twin Dry Cell Battery Company on its statement of claim and against the W. P. Southworth Company on its cross-statement of claim.

From an examination of the record we find that there is simply a conflict in the evidence, and there does not project from the record any circumstance or situation which enables the court to determine that the judgment of the court is clearly and manifestly against the weight of the evidence. The court can only reverse upon this ground when it clearly appears as a matter of law, and not as a matter of judgment or opinion of the reviewing court, that the judgment is clearly and manifestly against the weight of the evidence. A mere conflict in the record falls short of the test, and the court as a matter of law cannot reverse the judgment of the lower court on a mere conflict. We think the lower court gives a very clear exposition of the record as it appears in this case, and we quote from Judge Selzer's opinion, as follows:

"Does it appear that this accident could have been avoided by either one of these drivers? This is probably the situation, as it appears. We know

what truck drivers do. Of course, that ought not to be considered in this case, but only speaking of that, on the side, as an illustration. Was this truck going, the plaintiff's truck, only going 4 miles an hour? And was the Southworth truck only going 15 miles an hour? I don't think it was, or either were, because, undoubtedly, as Mr. Byrnes, counsel for the defendant, says, that if the plaintiff's truck was going that rate of speed, and the Southworth truck was going 15 miles an hour, it would have knocked the plaintiff's truck aside; but they were both going fast. That is where the trouble was; and when they came together, two autos coming together, they just travel-ed right along; not the direct course in which they were going, but at an angle, over to that northwest corner; that is what occurred. Now, this plaintiff's truck was not operated at the speed that he says it was. Going much faster. It was his business to stop and wait until that car got out of the way. It would only have taken him about a second or two for that to occur, and then he could see into West Sixty-Fifth street in both directions. Nothing would obstruct his vision, and it was his business to wait, because the Southworth truck had the right of way, if it was such a close distance to the corner that it would not be safe for plaintiff to proceed. It was the business of traffic on the intersecting street to wait until he could get into that street in safety, and not take chances; but that is not the truck driver's habit. Theirs is to get across first, and, in fact, drivers of touring cars do the same thing. Seems that there is a desire to get ahead of somebody

else, and get across first, instead of each side being more considerate and waiting a half a minute, or even a minute; we would have fewer accidents; but that is not the custom of drivers. Now, the fact was that this driver thought, because he stopped, that he had done his full duty, and he then shoots across Sixty-Fifth street at more than 4 miles an hour, because the force with which it struck that pole would indicate that. Shoots across the street, and the Southworth truck, being turning, and shutting off his proper path in the street, of course, he shoots to the left of the car, and he goes ahead, without slackening speed, and they both come together, and they both come across to the northwest corner. Now, the court is going to leave them just where they put themselves.''

It is well settled law that no matter what the opinion or judgment of the Court of Appeals may be the record must show, as a matter of law, some circumstance and fact which is determinative of the question whether the judgment below is clearly and manifestly against the weight of the evidence. As to this circumstance, fact, or emergency, the record is silent, hence under the authorities we hold there is no error prejudicial to the complaining party.

Holding these views, the judgment of the lower court is affirmed.

*Judgment affirmed.*

Levine, P. J., and Vickery, J., concur.