BEACON MUTUAL INDEMNITY COMPANY, PLAINTIFF-APPELLANT, *v.* GALLIHER ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Lake County.

No. 636.   Decided August 16, 1961.

22

*Messrs. Merkel, Campbell, Dill & Zetzer,* for plaintiff-appellant.

*Mr. William LaPorte, Mr. Wayne E. Davis* and *Mr. Robert B. Loeb,* for defendants-appellees.

BROWN, P. J.   In the trial court a declaratory judgment was sought regarding liability of the plaintiff company to persons injured by the operation of a car said to be insured by a garage liability policy issued by the plaintiff company to defendant, Fannie T. Galliher.   The questions raised were:

1. Was the garage owner's liability policy in question void because of false statements in the declaration of ownership of the garage business?

2. If the policy was not void did it cover the Ford automobile used by James T. Galliher at the time of the accident, that is was that car principally used in the described operation?

The garage owner's liability policy was issued to Fannie T. Galliher, who represented herself as the owner of the business upon her application for the original policy.   The policy contained a provision making the statements in the declaration her representations and recited that the policy was issued in reliance upon the truth of said representations.   The policy insured vehicles owned by the named insured and used "prin-

cipally in the above defined operation" even though occasionally used for other business or non-business purpose.

The insured denied that there were other owners of said business, and denied that the vehicle in question was not used principally in the above operation.

There were no questions raised except the factual ones as to the ownership of the business and use of the subject automobile.

The trial judge on the evidence decided these factual questions in favor of the insured and against the plaintiff insurance company. In separate findings of fact the court found:—

1. The Cooper's Service was owned by Fannie T. Galliher as a sole proprietorship.

2. The 1956 Ford automobile, which was involved in the accident, was used principally in the operation of Cooper's Service.

The appeal was perfected on questions of law.

The evidence on each of these points was in conflict. We agree with counsel for the appellee who cites *Twin Dry Cell Battery Co.* v. *W. P. Southworth Co.*, 22 Ohio App., 450, as stating:—

"Where evidence conflicts, reviewing court can reverse only when, as matter of law and not as matter of court's opinion, judgment is against the weight of the evidence."

This statement is rarely contradicted, applies to findings of fact by trial courts, and is supported by authorities collected in 3 American Jurisprudence, Page 464, and following. See also *State Farm Mutual* v. *Mossey*, 195 Federal (2nd), 56.

It is interesting to note that at the time the defendant purchased the policy of insurance from plaintiff's agent no formal application was requested of the insured. An informal inquiry was made by the agent at which time the insured stated that she owned the station.

The evidence conflicts with regard to the arrangements between the plaintiff, her husband and her minor son as to which of them made the down payment and how the son and husband were to be paid for services. There was no evidence that insured misrepresented any fact, unless her conclusion that she owned the station can be considered a misrepresenta-

tion in view of the possibility that the down payment may have been obtained from the minor son and his income may have been dependent upon there being profits from which he could be paid.

Ownership is a legal term and often a legal conclusion. Family properties are often held within families in ways that are convenient and which are in no way fraudulent. It would be unwise upon evidence as obscure as that presented by the plaintiff to permit the voiding in this action of an insurance policy which appears to have been obtained in good faith to protect the purchaser of the policy and the public.

When, in an action for declaratory judgment by the insurer, against a policy holder it is sought to void a policy of automobile liability insurance because of representations as to ownership of the insured business it should appear that there was a misrepresentation material to the risk with actual or presumed fraudulent intent. 33 A. L. R. (2nd), page 949; *Pencil* v. *Home Insurance Company*, 28 Pacific, 1031. See also *Pioneer Mutual Casualty Co. of Ohio* v. *Pennsylvania Greyhound Lines et al.*, 68 Ohio App., 139.

In *General Insurance Company of America* v. *Western Fire and Casualty Company*, 10 Automobile Cases (2nd), 643, the trial court had held a policy void because of misrepresentations of ownership of an insured vehicle. The United States District Circuit Court for the Fifth Circuit reversed saying "nowhere is there a suggestion that mother or son were knowingly misstating or attempting to conceal facts." They (the applicant and her minor son) "were each ignorant of insurance and business matters. What they were trying to do was to procure liability insurance protecting them and members of the public for the operation of the car in the affairs of the mother and son. In that process, they were attempting fully to state all of the facts, furnish all of the information and answer all of the questions. If it was not adequate, or if not fully understood by the agent, or correctly reported by him to the company, it was not because of anything which these two inexperienced people consciously did."

The policy should not be avoided for a casually inaccurate representation innocently made. *Howe* v. *Howe*, 87 N. H., 338.

When an action for declaratory judgment partakes of equity it calls for the application of equitable principles. *Sessions* v. *Skelton*, 163 Ohio St., 409.

Hence, in a declaratory judgment action, one alleging fraud, must prove it by clear and convincing evidence and the charge cannot be sustained by doubtful and uncertain testimony. Anderson, Declaratory Judgments, Volume 2 (2nd) Edition, Section 375 (supplement) citing *American Insurance Company* v. *Lester*, 233 Federal (2nd), page 778.

The Ohio Supreme Court has held that liability or non-liability under an insurance policy may be determined in an action for a declaratory judgment brought by the insurance company notwithstanding that factual determinations are necessary to make a declaration on that controlling issue. *Travelers Indemnity Co.* v. *Cochrane, Jr.*, 155 Ohio St., 305; *Heidtman* v. *City of Shaker Heights*, 163 Ohio St., 109; and most recently in *Ohio Farmers Indemnity Co.* v. *Chames*, 170 Ohio St., 209. But that court has not decided that a trial court must accept jurisdiction in all such cases.

Professor Borchard of Yale University, co-draftsman of the Uniform Declaratory Judgments Act, in the second edition of "Declaratory Judgments" at page 312, and following, comments on the trial court's discretion to accept jurisdiction over declaratory judgments in cases when an insurance company sues for a declaration of non-liability and could make its defense effectively in the action of the injured party for negligence. With regard to that power of discretion Borchard says:—

"Some of the criteria guiding the use of the discretion have already been mentioned. It is not a capricious or arbitrary power, but one subject to rule and judicial review. But it requires of the court a perception of social utility beyond that required ordinarily in equity. True, the mere availability of another remedy is not a ground for declining a declaration, but the actual pendency of a prior suit which could in one action settle the whole case and the interests of all the parties involved may for reasons of judicial economy be an adequate ground for not starting a second suit. * * * If insurance lawyers were to take thought, perhaps they might be persuaded to

invoke a declaration only in cases where a useful social purpose is served, for whenever the relief is refused on a good ground its general availability is weakened and prejudice arises. Its excessive use by insurance companies has already resulted in some abuse and the inhospitality of some judges is in part traceable to the belief that the remedy has in various cases been unnecessarily invoked. The unsuccessful attempt of a company to maintain that a guest was an employee and hence not covered by a policy induced a federal judge to apply the Missouri rule penalizing the bringing of 'vexatious' suits by allowing attorney's fees to the defendant.''

Rather than ''attempting to persuade the invocation of the remedy only in cases where a useful social purpose is served,'' it would seem that the original purpose of the remedy should be kept in mind. The remedy has been so misused that most trial judges would now agree that the tail is wagging the dog. It was always intended that trial courts should exercise discretion in accepting jurisdiction in declaratory judgment actions. Refusal to accept jurisdiction in such cases should not be held to be arbitrary where it is affirmatively found that the only object of the proceeding is to try a fact as a determinative issue, that there is no useful social purpose to be served, and that the declaration will not be in the interest of judicial economy.

We find that the trial court did not err in its material finding of fact, and that the judgment should be affirmed.

DONAHUE and GRIFFITH, JJ., concur.